## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **RIO GRANDE ROYALTY COMPANY, INC.**, on behalf of itself and all others similarly situated, | § § § § | |
| **Plaintiff,** | § § | **No. H-08-cv-0857** |
| **ENERGY TRANSFER PARTNERS, L.P., ENERGY TRANSFER COMPANY, ETC MARKETING, LTD., and HOUSTON PIPELINE COMPANY,** | § § § § § § | |
| **Defendants.** | § | |

### MEMORANDUM AND ORDER

On this day the Court considered Defendants' Motion for Protective Order Staying Discovery. Defendants have asked the Court to stay discovery in this case pursuant to Federal Rule of Civil Procedure 26(b) and (c). After considering the briefing and the arguments presented by parties at the July 22, 2008 hearing, the Court has concluded that Defendants' Motion for Protective Order Staying Discovery, Docket No. 19, should be **GRANTED**.

Plaintiff has asked Defendants to produce all documents and electronically stored information submitted to the Commodity Futures Trading Commission (CFTC), the Federal Energy Regulatory Commission (FERC), or any other government agency or investigatory body in connection with federal investigations into Defendants' natural gas trading activities. Defendants explain that the request would require them to review millions of pages of documents that were produced to the CFTC and FERC for privilege, and would be unduly burdensome, resulting in hundreds of thousands of dollars in costs. Defendants also argue that Plaintiff's request is overly broad, because, *inter alia*, the documents produced to the CFTC and FERC relate to time periods and locations that are not within the scope of Plaintiff's complaint.

The Federal Rules of Civil Procedure presume that discovery may proceed despite the filing of a Motion to Dismiss, and this case is not governed by a statute such as the Private Securities Litigation Reform Act (PSLRA) that requires discovery to be stayed until the Court has ruled on a Motion to Dismiss.  The Court does have discretion to stay discovery pending a ruling on a Motion to Dismiss, however.  *See, e.g., Landry v. Air Line Pilots Ass'n Intern. AFL-CIO*, 901 F.2d 404, 435-36 (5th Cir. 1990); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.").  Some courts have recognized that "staying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming and expensive." *Netflix Antitrust Litig.*, 506 F. Supp. 308, 321 (N.D. Cal. 2007) (allowing narrowly-tailored discovery to go forward) (citing *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)); *see also In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417, 2007 WL 2127577, at *4 (N.D. Cal. July 24, 2007) (recognizing that *Twombly* did not "erect an automatic, blanket prohibition on any and all discovery before an antitrust plaintiff's complaint survives a motion to dismiss," but noting that "to allow antitrust discovery prior to sustaining a complaint would defeat one of the rationales of *Twombly*, at least when the discovery would be burdensome.").

The Court finds that the discovery requested by Plaintiff would constitute an undue burden for Defendants.  Although the documents have already been assembled and produced to government agencies, thus reducing the burden to Defendants somewhat, Defendants' need to review such a large volume of documents prior to producing them would be a significant burden. Furthermore, Plaintiff concedes that it does not need this discovery to respond to the pending Motion to Dismiss.  *See Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987) (upholding a

discovery stay where Plaintiff would not have learned anything that could affect the resolution of the dispositive motion).  Although some courts have also considered the strength of the dispositive motion when determining whether to stay discovery, *see, e.g.*, *Von Drake v. Nat'l Broad. Co.*, No. 04-cv-0652, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004), briefing on the Motion is not complete, and the Court does not wish to make a premature pronouncement on its merits.[1]  The Court believes that discovery should be stayed given the burden to Defendant of reviewing the documents and because Plaintiff has not demonstrated any need for the documents prior to this Court's ruling on the pending Motion.

Defendant's Motion is, therefore, **GRANTED**. All discovery in this case, including Rule 26 disclosures, is stayed pending the Court's ruling on Defendants' Motion to Dismiss, filed May 19, 2008.

**IT IS SO ORDERED**.

**SIGNED** this // day of August, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[1] This Order should not be understood as any indication of how the Court will ultimately rule on Defendants' Motion to Dismiss.